Reed, J.
The question in this case is, have the County Commissioners the power to lay out and establish a road entirely within the limits of an incorporated town.
*100 General power is conferred upon the Commissioners of the , ; county to lay out and establish roads within the limits of the county, in the mode-prescribed by law. See the' act for opening and regulating roads and highways, Swan’s Stat. 796.
The power of the Commissioners is general, to be exercised or withheld by considerations of public utility.
All incorporated cities and towns are subject to the control of the. general laws of the State, unless specially exempted. There is nothing in the act incorporating the town of Wellsville, which limits the power of the County Commissioners to establish a county road through or within its corporate limits. It would be a little remarkable if all our county roads were compelled stop at or go around every incorporated town or city. True, all streets, lanes and alleys, in towns are, by statutes, declared public highways. But still, it is not left to the town authorities to decide, unless such power be expressly conferred, the streets and alleys of such town are all the roads which shall pass through its corporate limits. Roads arejjmatters of general and public concern, in ■ which the whole community have an interest and a voice. The fact that corporate privileges are conferred upon the inhabitants of a city or town, does not exempt them from the operation of the general laws'of the land. A municipal corporation is no more exempt .from the operations of general laws than a private corporation.
But it is said that the County Commissioners could not establish the road in question, because it is not a county road ; and that it cannot be a county road because' it lies wholly within the corporate limits of the town of Wellsville ; that the county authorities can only establish roads for the county; township authorities for townships, and town authorities for- towns. Now it is not pretended that the county authorities can establish township roads or streets for an incorporated town. But this does not prove that the county authorities may not establish a county road through or within the limits of a tpwnship or incorporated town. Whether a road be a county road or not, does not depend upon its length ; but whether the County Commis *101 sioners establish it as a county road ; and whether they should establish it or not depends upon considerations of public' utility of which the law has made them, the judges; subject only such control as is provided by law on appeal to the Courts. There could not be a better illustration of the remarks just made than the road under consideration ; it is a road connecting the public landing place, on the Ohio river, at Wellsville, with the State road leading to Cleveland.
That this road occupies a part of one of the streets of Wells-ville is a matter of no concern to this plaintiff.
The remarks that private property cannot be seized for public use without compensation, does not affect the question ; the Statute provides the mode of compensation, and the plaintiff has made his claim under the law.
The pleadings raised meet the single question whether the County Commissioners have power to establish a county road within or through the town of Wellsville.
We have decided that they can.

Judgment affirmed.